McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NOE GANDARA-SOTO,<br><br>                              Defendant. | CASE NO.  2:19-CR-0046-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 11, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case was set for a status conference on June 11, 2020, and continued to July 23, 2020, on the Court's on motion, citing the interests of public health and safety, and excluding time under the Speedy Trial Act, pursuant to General Order 611. The parties now request that the Court continue the status conference to August 20, 2020. To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 611 and requests that the Court also exclude time under Local Code T4, for the reasons set forth below.

On March 18, 2020, this Court issued General Order 612, with reference to General Order 611, which together permit District Judges to continue all matters scheduled to occur before May 1, 2020, until a date after that, and to exclude time under the Speedy Trial Act. These General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding *excludable* delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

1.      By previous order, this matter was set for status on June 11, 2020.

2.      By this stipulation, the defendant now moves to continue the status conference to August 20, 2020, and to exclude time between June 11, 2020, and August 20, 2020, under Local Code T4, in addition to the exclusion of time pursuant to General Order 611.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that has produced the discovery associated with this case including, among other things, investigative reports, photographs, as well as audio and video recordings.

b)      Counsel for defense desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c)      Defense counsel believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 11, 2020 to August 20, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4         IT IS SO STIPULATED.

5    Dated:  June 15, 2020                    McGREGOR W. SCOTT
                                              United States Attorney
6
                                              /s/ JAMES R. CONOLLY
7                                             JAMES R. CONOLLY
                                              Assistant United States Attorney
8
     Dated:  June 15, 2020                    /s/ JESSE I. SANTANA
9                                             JESSE I. SANTANA
                                              Counsel for Defendant
10                                            NOE GANDARA-SOTO

11
                                   **ORDER**
12
          IT IS SO ORDERED.
13
     Dated:  June 18, 2020
14

15
                                              _____
16                                            MORRISON C. ENGLAND, JR.
                                              UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28