**Jesse I. Santana (State Bar No. 132803)**
**Santana and Smith Law Firm, P.C.**
The Historic Winship Building
500 Second Street
Yuba City, CA 95991
TEL: (530) 822-9500
FAX: (530) 751-7910

Attorney for Defendant
Noe Gandara-Soto

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NOE GANDARA-SOTO,<br><br>    Defendant. | No. 2:19-CR-00046-MCE<br><br>**DEFENDANT NOE GANDARA-SOTO'S REQUEST TO PROCEED WITH THE DECEMBER 17, 2020 STATUS CONFERENCE HEARING VIA VIDEOCONFERENCE OR OTHER MEANS, WAIVER OF HIS PERSONAL APPEARANCE, AND CONSENT FOR MR. GANDARA-SOTO'S ATTORNEY TO SIGN HIS NAME ELECTRONICALLY, AND TO SIGN MR. GANDARA-SOTO'S CONSENT OR WAIVER ON HIS BEHALF; AND ORDER**<br><br>Judge: Honorable Morrison C. England, Jr. |

Pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act, H.R. 748 (March 27, 2020), and the Court's General Orders 611-616, defendant Noe Gandara-Soto hereby requests that the Court proceeds with the December 17, 2020 status conference, and permits him to appear by videoconference or appear telephonically if VTC is not reasonably available. In General Order 614, the Court found that such hearings generally cannot be conducted in person in this district without seriously jeopardizing public health and safety. Due to the coronavirus pandemic and other considerations as set forth in General Orders 614 and 616, the Court

1    authorized the use of videoconferencing or other means to conduct proceedings remotely with
2    defense counsel and defendants sometimes in separate locations.

3        In General Order 616, the Court found that, due to the public health situation relating to
4    COVID-19, it may be impracticable, if not impossible, to obtain defendants' actual signatures on
5    documents for consent or waiver of certain rights in a timely and safe manner as required by some
6    Federal Rules of Criminal Procedure.  As a result, the Court found that any document may be
7    signed electronically using the format "/s/ name," where a defendant's signature is called for,
8    defense counsel may sign electronically on the defendant's behalf using the format "/s/ name"
9    and file the signed document electronically after defendant has an opportunity to consult with
10   counsel, and consents to counsel's signing on defendant's behalf, and where consent or waiver is
11   not explicitly required to be in writing, such consent or waiver may be obtained in whatever form
12   is most practicable under the circumstances, so long as the defendant's consent or waiver is
13   clearly reflected on the record.

14       Mr. Gandara-Soto has told counsel that he consents to the December 17, 2020 status
15   conference hearing via the videoconference/teleconference procedure set forth in the CARES Act
16   and adopted by the Court in General Order 614.  That consent need not be in writing.  (Gen.
17   Order 614, p. 2.)  To the extent that Mr. Gandara-Soto has a right to have the Judge be personally
18   present in Court at the time of the status conference hearing, he waives that right, whether it arises
19   under the Federal Rules of Criminal Procedure, the United States Code, the U.S. Constitution, or
20   any other law.  He further waives any claim of error, on any basis, that these hearings should not
21   have been held without the Judge or parties being physically present in Court.

22       Mr. Gandara-Soto has also told counsel that he consents to his counsel signing
23   electronically on Mr. Gandara-Soto's behalf, and that where Mr. Gandara-Soto's consent or
24   waiver is not explicitly required to be in writing, such consent or waiver may be obtained in
25   whatever form is most practicable under the circumstances as set forth in General Order 616.

26       I hereby concur in Mr. Gandara-Soto's request to proceed with the December 17, 2020
27   status conference hearing via videoconference or other means, waiver of his personal appearance,
28   ///

and consent for his attorney to sign Mr. Gandara-Soto's name electronically and to sign Mr. Gandara-Soto's consent or waiver on his behalf.

                                              Respectfully Submitted,

Date: December 11, 2020.        /s/ Jesse I. Santana
                                           JESSE I. SANTANA

                                           Attorney for Defendant
                                           Noe Gandara-Soto


     I agree to the above.  I also hereby request that the Court proceeds with the December 17, 2020 status conference hearing via videoconference or other means, I waive my personal appearance at the December 17, 2020 status conference hearing, and I consent to my attorney signing my name electronically for my consent or waiver.

                                              Respectfully Submitted,

Date: December 11, 2020.        /s/ Noe Gandara-Soto
                                           DEFENDANT NOE GANDARA-SOTO

**FINDINGS AND ORDER**

For good cause shown, the Court hereby specifically finds that:

a) The status conference hearing in this case may proceed on December 17, 2020;

b) Defendant Noe Gandara-Soto has waived his physical appearance at the December 17, 2020 status conference hearing and consents to remote hearing by Videoconference; and

c) Defendant Noe Gandara-Soto consents for his attorney to sign Mr. Gandara-Soto's name electronically and to sign Mr. Gandara-Soto's consent or waiver on his behalf.

Therefore, based on the findings above, and under the Court's authority under Section 15002(b) of the CARES Act and General Order 614, the December 17, 2020 status conference hearing will be conducted by Videoconference.

IT IS SO ORDERED.

Dated: December 11, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE