1  MⅭGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8               IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO.  2:19-CR-0046-MCE

12 |                     Plaintiff,     | STIPULATION REGARDING EXCLUDABLE
   |                                    | TIME PERIODS UNDER SPEEDY TRIAL ACT;
   |              v.                    | FINDINGS AND ORDER
13 |                                    |
   | NOE GANDARA-SOTO,                  | DATE: December 17, 2020
14 |                                    | TIME: 10:00 a.m.
   |                     Defendant.     | COURT: Hon. Morrison C. England, Jr.
15

16

17        This matter was set for a status conference on December 17, 2020.  The parties now request that

18 the Court continue the status conference to February 11, 2021, and to exclude time under the Court's

19 General Orders, in the interests of public health and safety, and under Local Code T4, for the reasons set

20 forth below.

21        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

22 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

23 continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

24 address public health concerns related to COVID-19.

25        Although the General Orders address the district-wide health concern, the Supreme Court has

26 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28 *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

STIPULATION RE: SPEEDY TRIAL ACT; FINDINGS AND
ORDER

1

1    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4    or in writing").

5          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8    the ends of justice served by taking such action outweigh the best interest of the public and the

9    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11   ends of justice served by the granting of such continuance outweigh the best interests of the public and

12   the defendant in a speedy trial."  *Id.*

13         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22         In light of the societal context created by the foregoing, this Court should consider the following

23   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24   justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that the Court has already designated

25   a new date for the status conference.  United *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

26   (noting any pretrial continuance must be "specifically limited in time").

27

28         [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

     STIPULATION RE: SPEEDY TRIAL ACT; FINDINGS AND          2
     ORDER

**STIPULATION**

1.      By this stipulation, the defendant now moves to continue the status conference to February 11, 2021, and to exclude time between December 17, 2020, and February 11, 2021, Local Code T4, in addition to the exclusion of time pursuant to the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that has produced the discovery associated with this case including, among other things, investigative reports, photographs, as well as audio and video recordings.

b)      Counsel for defense desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c)      Defense counsel believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 17, 2020 to February 11, 2021, inclusive, is deemed excludable pursuant to this Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

STIPULATION RE: SPEEDY TRIAL ACT; FINDINGS AND ORDER

3

1    3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4        IT IS SO STIPULATED.

5  Dated:  December 14, 2020                              McGREGOR W. SCOTT
                                                         United States Attorney

6
                                                         /s/ JAMES R. CONOLLY
7                                                        JAMES R. CONOLLY
                                                         Assistant United States Attorney

8

9  Dated:  December 14, 2020                             /s/ JESSE I. SANTANA
                                                         JESSE I. SANTANA
10                                                       Counsel for Defendant
                                                         NOE GANDARA-SOTO
11

12                          **FINDINGS AND ORDER**

13        IT IS SO ORDERED.

14
    Dated:  December 15, 2020
15

16

17                                  MORRISON C. ENGLAND, JR
                                    SENIOR UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: SPEEDY TRIAL ACT; FINDINGS AND        4
ORDER