PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>                 v.<br><br>NOE GANDARA-SOTO,<br><br>                           Defendant. | CASE NO.  2:19-CR-0046-KJM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: December 16, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. (now reassigned to the Hon. Kimberly J. Mueller) |

This case was set for a status conference on December 16, 2021, before Senior United States District Court Judge Morrison C. England, Jr.  On November 9, 2021, the Court reassigned this case to Chief United States District Court Judge Kimberly J. Mueller and vacated all existing dates.

By this stipulation, the parties now request that the Court set a status conference in this matter on February 28, 2021, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

1  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6  or in writing").

7        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

9  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

10  the ends of justice served by taking such action outweigh the best interest of the public and the

11  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

12  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

13  ends of justice served by the granting of such continuance outweigh the best interests of the public and

14  the defendant in a speedy trial." *Id.*

15        The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

16  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that the Court has already designated

27

28        [1] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

a new date for the status conference.  United *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

(noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

1. By this stipulation, the defendant now moves to continue the status conference to February 28, 2021, and to exclude time between the date of this Court's order, below, and February 28, 2021, Local Code T4, in addition to the exclusion of time pursuant to the Court's General Orders.

2. The parties agree and stipulate, and request that the Court find the following:

      a) The government has represented that has produced the discovery associated with this case including, among other things, investigative reports, photographs, as well as audio and video recordings.

      b) Counsel for defense desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

      c) Defense counsel believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d) The government does not object to the continuance.

      e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from the date of this Court's order to February 28, 2021, inclusive, is deemed excludable pursuant to this Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

1      3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4           IT IS SO STIPULATED.

5   Dated:  December 21, 2021                    PHILLIP A. TALBERT
                                                 Acting United States Attorney
6
                                                 /s/ JAMES R. CONOLLY
7                                                JAMES R. CONOLLY
                                                 Assistant United States Attorney
8

9   Dated:  December 21, 2021                    /s/ JESSE I. SANTANA
                                                 JESSE I. SANTANA
10                                               Counsel for Defendant
                                                 NOE GANDARA-SOTO
11

12                                      **ORDER**

13          IT IS SO FOUND AND ORDERED.  The court sets the status conference in this case for

14  February 28, 2022 at 9:00 a.m. before Chief Judge Kimberly J. Mueller, and time is excluded between

15  the date of this order and February 28, 2022.

16
    DATED:   December 29, 2021.
17

18

19                                   _____

20                                   CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28